**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 21 2022 ★

BROOKLYN OFFICE

===========================X

**KAWALL DEOSARAN**

                Plaintiff,

**CV 23 1391**

**FEDERAL COMPLAINT**

    -AGAINST-          Docket No# _____

AZRACK, J.

U.S. BANK NATIONAL ASSOCIATION TRUST
FAY SERVICING LLC

SHIELDS, M.J.

                Defendant(s)

===========================X

**TO: ALL NAMED DEFENDANTS HEREIN**

      Plaintiff, **Kawall Deosaran**, each appearing Pro-Se herein as individual party plaintiffs, being duly sworn, depose and say for its Complaint in support of a summons, alleged claims against defendants as follows:

**COUNT ONE:** UNFAIR TRADE PRACTICES INVOLVING NON- COMPLIANCE 15 USC SECTIONS 1601 ET SEQ

**COUNT TWO:** DISCLOSURE VIOLATION PURSUANT TO 15 U.S.C. 1635 ET SEQ

**COUNT THREE:** MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1635, ET SEQ

**COUNT FOUR:** MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1638, ET SEQ

COUNT FIVE: RIGHT TO RECIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ

COUNT SIX: DISCEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ

COUNTY SEVEN: NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ

COUNT EIGHT: FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ

COUNT NINE: INFLATION OF ACCELERATION FEES , IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ

COUNT TENTH: FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z

COUNT ELEVENTH: FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ, 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18

Plaintiffs' hereby alleges as follows:

### JURISDICTION AND VENUE

i- Plaintiff brings this complaint under federal diversity jurisdiction pursuant to 28 USC Section 1331; 1332, as there is a question of federal law and amount in controversy exceeds $ 75,000.00 dollars.

ii- Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred prior to the state court's judgment of foreclosure and actions or acts that violate federal banking and fraud statutes and due process violations of the constitution.

## PARTIES INVOLVED

1. That at all time hereinafter mentioned, plaintiff **Kawall Deosaran** was and still is a resident and has conducted business and has residence in New York, County of Nassau and she resides is located _____.

2. That at all-time hereinafter mentioned, defendant U.S. Bank National Association Trust has been conducted business within in the State of New York with a business located at _____

3. That at all time hereinafter mentioned, defendant

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

by its lack of power of attorney and not registered with the Secretary of State to operate as a limited

liability company, and its assignment of mortgage in that this defendant had transferred evidence in the form of an assignment to the above named defendant for the purpose of its conspiracy and fraudulent actions.

4. That at all times hereinafter mentioned, defendant **Fay Servicing, LLC**, and **U.S. Bank National Association Trust** participated with the initial action in which lacked the legal capacity to sue as well as the standing jurisdiction for it to commence any proceedings against the plaintiff herein.

5. That at all times hereinafter mentioned, the defendant prior to the commencement of the foreclosure proceedings has also participated in the scheme and fraud by knowingly engaged in the theft of equity by fraudulently commencing an action against plaintiff in foreclosure knowing that it did not have standing, the proper assignment of trust, the jurisdiction or legal capacity to sue.

6. That the plaintiff has constitutional rights there were violated by the defendant and as a result of

these violations there was a related judgment in foreclosure against the plaintiff herein.

7. The federal question of law is whether the defendants capacity to sue, (or the lack thereof prior to the commencement of the foreclosure is an issue), of due process and jurisdiction in this matter and that such due process caused such injury to the plaintiff.

8. In this case, the plaintiff argue that [a] the defendant lacked standing to commence the proceedings against the plaintiff based upon knowingly false assignments of mortgages executed by fraudulent staff members and [b] that the defendants' were never registered to do business in the State of New Jersey at the time of the commencement of the proceedings or prior to the judgment thereof, and [c] that the defendants' lacked the legal capacity to sue because of the security exchange commission reports and the OCC filings of a cease and desist order based upon information and belief.

i. **Constitutional Claims**:

9. The issue of justice must comport to the safeguards of equal protection of the laws. In this case, the

plaintiff argues that defendant deliberately hid its lack of capacity to sue or to commence any such foreclosure proceedings against the plaintiff prior to the action.

10. Upon information and belief, defendant (being only a trustee), did not have standing because of the defective, fraudulent assignments of mortgages and the unknown persons whom executed these assignments- robo-signors, without any firsthand knowledge of the note or mortgage.

11. This is not about the '….foreclosure case itself or the judgment…', but the status and standing of the defendant's ability to commence the proceedings prior to the action itself.

12. Upon information and belief, defendant did not have any updated security exchange commission filings with the pooling agreement on record with the agency.

13. Upon information in belief, the office of the comptroller of currency did not have any records that the defendant submitted any evidence of its existence prior to the '...***commencement of the foreclosure proceedings...***', thereby causing a typical hardship by the unconstitutional actions against plaintiff.

14. That the defendant lacked standing from the beginning and prior to the foreclosure action, did not have proper and legal standing.

15. That the defendant lacked the jurisdiction and was not registered as a business or to conduct its business in the State of New York since the secretary of the state did not receive its filings for such activities to do business.

16. That the assignments of mortgages, all five assignments were defective, fraudulent and violated the due process rights of the plaintiff herein.

17. That the defendant did not have the capacity to sue the plaintiff prior to the '....commencement of the proceedings against plaintiff.

18. Plaintiff has stated a claim for which relief can be granted.

19. Despite the foreclosure process, the plaintiff is not questioning the '.....facts of the foreclosure or the manner....', the plaintiff is arguing that prior to the action, the defendant failed to have legal rights to commence the action.

20. The Supreme Court recognized that standing is a 'jurisdictional requirement' in **State ex rel. Dallman v. Franklin Cty. Court of Common Pleas**, (1973), and we stated: 'It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.' ... And recently, in **Kincaid v. Erie Ins. Co.**, (2010), we affirmed the dismissal of a complaint for lack of standing when it

had been filed before the claimant had suffered any injury."

21. Citing the U.S. Supreme Court's 1992 holding in **Lujan v. Defenders of Wildlife** that "standing is to be determined as of the commencement of suit," and state court decisions supporting that same conclusion from Oklahoma, Vermont, Maine, Connecticut, Florida, Mississippi, and Nebraska, Justice O'Donnell pointed out that in this case "Federal Home Loan concedes that there is no evidence that it had suffered any injury at the time it commenced this foreclosure action.

22. Thus, because it failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court."

23. In this case, plaintiff contends that the defendant lacked the legal capacity '….prior to the commencement of the action, standing to sue.

24. Despite the current legal status of the foreclosure proceeding and its appeal, the plaintiff is not arguing the issues on the foreclosure, its raising issue with the defendant's lacking standing prior to the commencement thereof.

25. Plaintiff has been injured as a result of the actions of the defendant.

26. That the defendants were engaging in unconstitutional actions and such federal agencies that regulate these types of defendants (banks) must have inherent powers and authority to adjudicate this action.

27. Plaintiff sues for compensatory and punitive damages in the sum of 1.5 Million based upon the illegality of the foreclosure and the subsequent illegal foreclosure proceedings.

28. That no other persons are beneficially interested in the outcome of these proceedings.

29. That plaintiff reserves its rights to amend the complaint if after discovery other party defendants

are named or discovered who participated in such violations.

WHEREFORE, your deponent respectfully prays for an order granting this complaint and the damages in a non-jury trial or virtual trial settings and to discharge the loan from plaintiff's credit report and sanctions along with $ 2.5 Million dollars in damages against the defendants and for such other and further relief this court may deem just, proper and equitable.

Date: January 22, 2023
Nassau County, New York

/s/ _____
Kawall Deosaran
Mailing:

VERIFICATION

I, Kawall Deosaran, appearing pro-se herein, being duly sworn, depose and states under the penalties of perjury, 28 USC 1746, that the foregoing is true and correct and as to matters based upon information and belief, the deponent believes to be true to the best of my knowledge.

/s/ _____
Kawall Deosaran, Pro-Se

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAWALL DEOSARAN

**DEFENDANTS**
FAY SERVICING
U.S. BANK TRUST NA.

**(b)** County of Residence of First Listed Plaintiff: **NASSAU**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **UNKNOWN**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
61 CHARNEY COURT
MANHASSET, NY 11030

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [x] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
CONSTITUITONAL DEPRIVATION AND DUE PROCESS, FRAUD AND DECEPTIVE PRACTICES

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: JANUARY 23RD 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



FROM:

K. Deosaran
61 Charney Court
Manhasset, NY 11030

TO:

US Dist. Court
Eastern Dist, NY
225 Cadman Plz
Brooklyn NY 11201

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.