UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KAWALL DEOSARAN,

                          Plaintiff,

         -against-

U.S. BANK NATIONAL ASSOCIATION TRUST,
and FAY SERVICING LLC,

                         Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-01391 (JMA) (AYS)

**AZRACK, United States District Judge:**

    Before the Court is the in forma pauperis ("IFP") application filed by pro se plaintiff Kawall Deosaran ("Plaintiff"). (ECF No. 2.) For the following reasons, the IFP application is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

    The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. See Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted). To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citation omitted). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's IFP application, filed together with the complaint, does not include sufficient information concerning Plaintiff's financial position. Plaintiff left blank the space on the form that asks about current employment and has checked the boxes to indicate that Plaintiff has not received any income from any source in the past twelve months. (ECF No. 2, ¶¶ 2–3.) Plaintiff also left blank the space on the form that asks for the amount of money that Plaintiff has in cash or in an account. (Id. ¶ 4.) Further, Plaintiff wrote "none" in response to every other question on the form, including regular monthly expenses. (Id. ¶¶ 5–8.) Curiously, although Plaintiff has provided a residential address in Manhasset, New York, and a telephone number, notably absent are any expenses associated with these such as rent or mortgage payments, insurance, or utilities. Nor has Plaintiff included any regular monthly expenses for items such as food and transportation.

As is readily apparent, Plaintiff's application raises more questions than it answers. Because Plaintiff has not provided sufficient information on the present IFP application, the application to proceed IFP is denied without prejudice and with leave to renew on the Long Form within fourteen days from the date of this Order. Alternatively, Plaintiff may remit the $402.00 filing fee. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

---

[1] Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case. Accordingly, Plaintiff is well-advised to consider the substance of the complaint and the requirements of Federal Rule of Civil Procedure 8. Plaintiff is encouraged to make sure of the resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School (the "Program"). Plaintiff may contact the Program by telephone at 631-297-2575 or by e-mail at PSLAP@hofstra.edu.

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court shall mail a copy of this Order to the Plaintiff at the address of record.

**SO ORDERED.**

Dated: March 10, 2023
Central Islip, New York

                                              /s/     (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE